2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Fuentes ROMERO, Defendant-Appellant.
 No. 88-5426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 11, 1993.
 
 1
 Before: BROWNING, FARRIS, and KELLY,** Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 The parties are familiar with the facts and issues presented; we will not restate them here.
 
 
 4
 Romero does not have standing under Minnesota v. Olson, 495 U.S. 91 (1990). He failed to show he was an overnight guest of Flores at the time of the contested search, cf. id. at 94, 97 n. 6 (overnight guest spent night immediately preceding challenged search, had a change of clothes, and remained a guest on day of search), and he lacked any other basis for a reasonable expectation of privacy in Flores's apartment. He paid no rent and kept no possessions there. He had no key and had to ask permission whenever he wished to use the apartment. Cf. United States v. Davis, 932 F.2d 752, 757 (9th Cir.1991) (defendant had standing where he had a key to the apartment and was "free to come and go as he pleased"). While the building manager testified Romero was frequently present at the apartment, this is not enough to establish a privacy interest in someone else's residence.
 
 
 5
 The appearance of Romero's fingerprints on the seized items does not create an interest permitting him to challenge the seizure. Romero testified that he had "nothing" in Flores's apartment. Furthermore, any subjective interest he may have had in the items was not legitimate since the seized items were stolen. Cf. Rakas v. Illinois, 439 U.S. 128, 143 n. 12 (1978) ("Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment....").
 
 
 6
 Finally, Romero cannot claim standing as a coconspirator. See United States v. Padilla, 113 S.Ct. 1936, 1937 (1993); United States v. Lingenfelter, Nos. 92-50348, etc., slip op. 6735, 6743, 1993 WL 230022 (9th Cir. June 30, 1993).
 
 
 7
 Romero's brief states he was erroneously sentenced for a charge on which he was acquitted. However, review of the jury's form of verdict discloses that Romero was properly convicted and sentenced on counts 1, 5, and 6.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3